# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CRISP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-02382 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I.
## BACKGROUND

Plaintiff Matthew Crisp filed his application for disability benefits under Title II of the Social Security Act on July 18, 2012. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on August 19, 2014, at which Plaintiff testified on his own behalf. In a decision dated September 19, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from December 30, 2009 through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated February 25, 2016. Plaintiff filed

a Complaint herein on April 7, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Regarding Further Proceedings, Plaintiff filed a memorandum in support of the complaint on October 6, 2016 ("Pl. Mem."); the Commissioner filed a memorandum in support of her answer on November 10, 2016 ("Def. Mem."); and Plaintiff filed a reply on November 23, 2016 ("Pl. Reply"). This matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

As reflected in the parties' memoranda, Plaintiff has raised the following the disputed issue: whether the ALJ properly found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not credible.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings, and plaintiff's reply.

conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.
## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the

national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.
## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 30, 2009, the alleged onset date. (AR 29.) At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder and polysubstance disorder. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform work at all exertional levels restricted by the following limitations: can understand and remember tasks; can sustain concentration and persistence; can socially interact with the general public, co-workers, and supervisors; and can adapt to workplace changes frequently enough to perform unskilled, low stress jobs that require simple instructions. (AR 31.) Plaintiff's RFC prevents him from performing any of his past relevant work. (AR 33.) Finally, at step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are other jobs (such as kitchen helper, warehouse worker, industrial cleaner) that exist in significant numbers in the national economy that the Plaintiff can perform. (AR 34-35.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR 35.)

## VI.
## DISCUSSION

Plaintiff contends that the ALJ erred in his adverse credibility finding. Plaintiff alleges disability based on depression, anxiety, bipolar disorder, socially isolative behavior, and inappropriate social functioning. His testimony during the

administrative hearing is found at AR 42-45. According to that testimony, Plaintiff has not worked consistently since about 2009, although he tried to work twice since then for very short periods. (AR 42.) Plaintiff stated that he has trouble dealing with groups of people (AR 42-43), has memory problems (AR 43), typically does little other than to lie down during the day (*Id.*), needs help cleaning the house (*Id.*), cooks rarely and usually limited to frozen, pre-made food (*Id.*), cannot tolerate social situations (AR 44), rarely goes to the grocery store (*Id.*), lives with his mother (AR 45), and occasionally consumes alcohol and marijuana (AR 45).

The ALJ's adverse credibility finding was based on three grounds: First, based on a function report completed by Plaintiff (AR 191-203), the ALJ noted "that the claimant's activities of daily living, including taking care of his cat (i.e., feeding and giving water to his cat), preparing simple meals, doing laundry, washing dishes, cleaning, getting around 1 to 3 times per week (by walking, driving a car, riding in a car, and riding a bicycle), attending support groups, and 'finding idle amusements to pass the time between periods of sleep,' for example, are inconsistent with his allegation of total disability." (AR 32.) Second, the ALJ stated that Plaintiff's "level of treatment [is] not suggestive of this level of severity." (*Id.*) Third, the ALJ stated that "medical evidence of record also does not substantiate the claimant's allegations of disabling limitations." (*Id.*) As discussed below, the Court finds that these reasons are not sufficient to support the ALJ's adverse credibility determination.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing

reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, since the Commissioner has not argued that there was evidence of malingering and that a lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering). "The clear and convincing evidence standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F. 3d 995, 1015 (9th Cir. 2014).

- **Daily Activities**

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Id*. at 1016. As the Ninth Circuit has further stated, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

In this case, the ALJ did what the Ninth Circuit cautioned against: noting a few selected points about Plaintiff's daily activities and concluding in a general manner that they were inconsistent with the claimed disability. (*See* AR 235-44, 253-59.) While the function report does refer to activities of Plaintiff ─ such as feeding and giving water to his cat, preparing simple meals, doing laundry, washing dishes, cleaning, and going outside 1 to 3 times per week by walking, driving a car, riding in a car, or riding a bicycle ─ read in context and in their entirety, the activities cited by the ALJ do not present clear and convincing reasons for

discounting Plaintiff's credibility. *See Vertigan, supra,* 260 F.3d at 1050; *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (finding error where ALJ's credibility discussion selectively quoted information from the record).

Instead, the Court finds that the function report is overall consistent with (and does not contradict) Plaintiff's testimony about his mental health limitations, including his extreme difficulties in social settings. For example, the function report explains that Plaintiff cooks only about once a week — usually ready-made food. (AR 197.) With regard to laundry, dishes and cleaning, the report states that Plaintiff needs multiple reminders before he does these activities and that he does them infrequently. (*Id.*) According to the report, Plaintiff's wife and mother "fill in when [he] is unable to" take care of his cat. (AR 196.) The function report further states that Plaintiff will wear the same clothes (and fail to bathe) for days and frequently is unable to take care of his own personal affects and hygiene. (*Id.*) While the ALJ said that Plaintiff is "getting around" 1 to 3 times per week, the function report states that he "go[es] outside" with that frequency and can walk, drive a car, ride in a car and ride a bicycle. (AR 198.)

Significantly, the ALJ failed to identify how this evidence of Plaintiff's daily activities contradicts any specific aspects of his testimony or claims — beyond the general statement that they are allegedly inconsistent with his claim of total disability. That is insufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (ALJ must identify specifically what testimony is not credible). Nothing cited by the ALJ regarding credibility suggests extensive social activities by Plaintiff or that Plaintiff is capable of interacting outside of his home to a meaningful extent. To the contrary, the function report states: "I have withdrawn from all social activities I used to do; I have recently began going to support groups." (AR 199.) It further states that plaintiff "infrequently" spends time with his family or goes to support groups. (*Id.*)

In sum, the ALJ's reference to Plaintiff's daily activities does not present a clear and convincing reason to discredit Plaintiff's testimony.[2]

- **Routine Treatment**

As a second reason, the ALJ referred to Plaintiff's "level of treatment" and found that it is not suggestive of the disability claimed by Plaintiff. The Commissioner refers to this as a finding of "routine course of treatment." (Def. Br. at 5.) However, the ALJ provided few, if any, specifics to support this reason. The ALJ did note that there were "no reported continuous side effects of [plaintiff's] medication," but did not state what other more aggressive treatments or procedures would have been commensurate with Plaintiff's claimed mental disability. *See Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir. 2007) (rejecting ALJ's characterization of treatment as conservative where, *inter alia*, claimant took prescription medications). As set out by the ALJ, this second reason is too general and vague to constitute a legally sufficient basis to discount Plaintiff's subjective symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (ALJ must specifically identify evidence undermining claimant's testimony). In addition, the ALJ did not cite to a medical professional opinion in support of his conclusion that Plaintiff's treatment was incommensurate with his subjective symptom complaints. *See generally Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ is not qualified as a medical expert). Finally, as the ALJ recognized, the record also shows that Plaintiff was admitted to the hospital on multiple occasions

---

[2] Pointing to much of the same evidence, the Commissioner also seems to argue that the ALJ discounted Plaintiff's credibility based on alleged inconsistencies between Plaintiff's "testimony and claims" when compared to the rest of the record. The Court does not understand the ALJ's decision to provide this as an additional credibility reason. And in any event, as stated herein, the Court finds that the ALJ did not provide clear and convincing evidence of inconsistencies between Plaintiff's daily activities and his claimed disability sufficient to justify the adverse credibility ruling.

8

since 2009 for significant mental health problems. (*See, e.g.*, AR 243, 299, 326.) Yet the ALJ did not explain how those instances of hospitalization could be considered routine or conservative treatment. Accordingly, the type of treatment received by Plaintiff — as discussed in the ALJ's decision — is not a clear and convincing reason for discounting his credibility.

- **Objective Medical Evidence**

As a third reason for discounting credibility, the ALJ concluded that Plaintiff's subjective complaints were not substantiated by medical evidence of record. But because the ALJ's first two reasons are insufficient, this remaining reason cannot be legally sufficient by itself to support the adverse credibility determination. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."). Thus, the Ninth Circuit has held that lack of objective medical evidence may be a factor an ALJ can consider in his credibility analysis, but it cannot form the sole basis for a credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

To the extent the Commissioner asserts that other reasons support the adverse credibility finding, those reasons — not stated in the decision as support for the ALJ's finding — cannot be considered by the Court. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

\* \* \*

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980), or where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). In this case, further proceedings would be useful to clarify and to resolve conflicts and ambiguities in the record. *See Triechler*, 775 F.3d at 1105; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014.) Particularly where Plaintiff has challenged only the ALJ's adverse credibility finding, further administrative proceedings would serve a useful purpose, and Plaintiff has failed to show the rare circumstances that would warrant an immediate award of benefits. *See Brown-Hunter*, 806 F.3d at 495.[3]

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: December 12, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.